# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

STATE OF LOUISIANA ET AL        CASE NO.  2:21-CV-01074

VERSUS        JUDGE JAMES D. CAIN, JR.

JOSEPH R BIDEN JR ET AL        MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the Court is "Defendants' Motion for a Stay Pending Appeal" (Doc. 102) wherein Defendants seek a stay of this Court's preliminary injunction concerning President Biden's Executive Order 13990.[1] Defendants inform the Court that should the Court not rule on this motion by February 28, 2022, Defendants will seek relief from the United States Court of Appeal for the Fifth Circuit.[2] It goes without saying that Plaintiffs vehemently oppose this motion.

As noted by Plaintiff States, Defendants have repeatedly insisted that the Executive Branch does not rely on the SC-GHG Estimates to justify administrative actions. This Court believes without doubt that the Estimates were being used and are currently being used, despite this Courts' injunction,[3] to justify final agency action that will artificially

---

[1] Doc. 99.

[2] *Id.* p. 1.

[3] *See* Dep't of Energy, Proposed Rule,  *Energy Conservation Program: Energy Conservation Standards for Variable Refrigerant Flow Multi-Split Air conditioners and Heat Pumps,* 87 Fed. Reg. 11335, 11348 (Mar. 1, 2022) ("DOE uses the social cost of greenhouse gases from the most recent update of the Interagency Working Group on Social Cost of Greenhouse Gases, United States Government ("IWG") working group, which are available in the Technical Support document: Social Cost of Carbon, Methane, and Nitrous Oxide Interim Estimates under Executive Order 13990.  The IWG recommended global values be used for regulatory analysis.")

increase costs in the cost/benefit analysis[4] and systematically increase regulatory burdens on Plaintiff States.

## STANDARD FOR MOTION TO STAY

The Court considers the following four factors in assessing a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). A stay "is not a matter of right, even if irreparable injury might otherwise result to the appellant.'"[5] *Id.* at 410, *see also Leiva-Perez v. Holder,* 640 F.3d 962, 965 (9th Cir. 2011) (Movants "bear[] the burden on all four factors, and the first two are the most critical." *Axiall Canada Inc. v. MECS, Inc.*, 2021 WL 6062356, at *1 (W.D. La. Apr. 8, 2021) (*quoting Weingarten Realty Investors v. Miller,* 661 F.3d 904, 910 (5th Cir. 2011)).

## LAW AND ANALYSIS

Defendants argue that the Preliminary Injunction is overbroad. The Court issued the Preliminary Injunction to restrain executive officers from complying with Executive Order 13990, and/or employing the SG-GHG Estimates. The Defendants complain that the Preliminary Injunction will delay pending rulemakings and that these agencies will now

---

[4] EO 13990 mandates massive numbers on the cost side of the cost/benefit scale.
[5] *Nken* held that if the petitioner has not made a certain threshold showing regarding irreparable harm … then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors.")

abandon actions due to an inability to redo related environmental analyses in time to meet deadlines.

*Success on the merits*

Movants bear the burden of making a "strong showing that they are likely to succeed on the merits." *U.S. Navy Seals 1-26 v. Biden*, 2022 WL 594375, at *10 (5th Cir. Feb. 28, 2022). Defendants make the same arguments here that were made in their opposition to the subject motion for preliminary injunction. The Court will not regurgitate its reasoning here. Suffice it to say that the Court has no doubt that prior to the preliminary injunction, the SG-GHG Estimates were being utilized, and EO 13990 is a final agency action. The administration's directive to federal agencies to use the SG-GHG estimates violate the Administrative Procedure Act, violate the Major Questions Doctrine, and amount to a transformative legislative rule in a manner not clearly authorized by Congress.

*Irreparable injury*

Defendants complain that they will suffer irreparable injury because (now admitting that the SG-GHG Estimates are being used) "agencies would be required to redirect resources to revise already-drafted proposed rules and regulatory impact analyses, including in instances where a draft rule that incorporates the Working Group's Interim Estimates has already been submitted to OMB."[6]

---

[6] Mancini Dec. ¶ ¶ 17–23. "The Department of Energy noted approximately twenty-one initially-identified rulemakings that will be so affected; the EPA has noted approximately five; the Department of Transportation has noted approximately nine; and the Department of the Interior has noted approximately three." Defendant's Memorandum, p. 37, Doc. 108, citing *Id.* ¶ 18,

The Fifth Circuit has recognized that "[j]udicial interference with a government agency's policies often constitutes irreparable injury." *Texas v. United* States, 14 F.4th 332, 340 (5th Cir. 2021), *opinion vacated on reh'g enbanc*, 24 F.4th 407 (5th Cir. 2021) (*citing Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020)). However, "the Government cannot claim an irreparable injury from being enjoined against an action that has no statutory authorization to take." *State v. Biden*, 10 F.4th 538, 558 (5th Cir. 2021). The Court finds it interesting that the Defendants argued in their opposition to Plaintiff States' Motion for Preliminary Injunction that the SG-GHG Estimates were of no moment because they were not being utilized, nor do they have a major impact on Executive Branch decisionmaking, yet, they now complain that the preliminary injunction, which enjoins the use of the SG-GHG Estimates, will wholesale prevent the Executive Branch from functioning.

The Court concluded that President Biden lacked authority to issue EO 13990, thus there can be no irreparable injury. *See Biden,* 10 F.4th at 558.

*Substantial injury/public interest*

Defendants complain that the preliminary injunction is against the public interest and does substantial harm because it prevents the Working Group from taking measures to tackle the climate crisis. Plaintiff States maintain that the public interest and balance of harms weigh heavily against a stay because Defendants have no legitimate interest in the implementation of the unlawful SC-GHG Estimates. "[T]he 'public interest [is] in having governmental agencies abide the federal laws that govern their existence and operations.'" *Biden*, 10 F.4th at 559. Moreover, "public interest favors maintenance of [an] injunction"

that "maintains the separation of powers." *Texas v. United States*, 787 F.3d 733, 768 (5th Cir. 2015).

## CONCLUSION

The Court finds that the balance of equities, public interest, and irreparable harm factors weigh heavily against Defendants, and furthermore, Defendants have failed to show they are likely to succeed on the merits. Accordingly,

**IT IS ORDERED** that Defendants' Motion for a Stay Pending Appeal is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 9th day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**