This document, concerning Variable Refrigerant Flow Multi-Split Air Conditioners and Heat Pumps is an action issued by the Department of Energy. Though it is not intended or expected, should any discrepancy occur between the document posted here and the document published in the Federal Register, the Federal Register publication controls. This document is being made available through the Internet solely as a means to facilitate the public's access to this document.

[6450-01-P]

DEPARTMENT OF ENERGY

10 CFR Part 431

[EERE-2018-BT-STD-0003]

RIN 1904-AE42

Energy Conservation Program: Energy Conservation Standards for Variable Refrigerant Flow Multi-Split Air Conditioners and Heat Pumps; Clarification

**AGENCY:** Office of Energy Efficiency and Renewable Energy, Department of Energy.

**ACTION:** Notice of proposed rulemaking and request for comment; clarification.

**SUMMARY:** On February 10, 2022, the U.S. Department of Energy ("DOE" or "the Department") submitted a notice of proposed rulemaking ("NOPR") to the *Federal Register* proposing amended energy conservation standards for variable refrigerant flow ("VRF") multi-split air conditioners and VRF multi-split heat pumps, collectively referred to as "VRF multi-split systems" ("2022 VRF NOPR"). After submission of the NOPR to the Office of the *Federal Register* for publication, the U.S. District Court for the Western District of Louisiana issued a preliminary injunction on February 11, 2022, in the case of *State of Louisiana v. Biden*, which prohibits certain actions relating to the monetization of benefits associated with greenhouse gas emissions reductions. Through this clarification document, DOE is clarifying its response to a

1

public comment in the 2022 VRF NOPR so as to avoid any confusion or ambiguity of DOE's response in light of the court's preliminary injunction and to reiterate that no emissions analysis (or related monetization) was conducted for this proposed rulemaking.

**DATES:** This clarification document is effective **[INSERT DATE OF PUBLICATION IN THE *FEDERAL REGISTER*]**.

**FOR FURTHER INFORMATION CONTACT:** Ms. Catherine Rivest, U.S. Department of Energy, Office of Energy Efficiency and Renewable Energy, Building Technologies Office, EE-5B, 1000 Independence Avenue SW., Washington, DC 20585-0121. Telephone: (202) 586-7335. Email: *ApplianceStandardsQuestions@ee.doe.gov.*

Mr. Eric Stas, U.S. Department of Energy, Office of the General Counsel, GC-33, 1000 Independence Avenue SW., Washington, DC 20585-0121. Telephone: (202) 586-5827. Email: *Eric.Stas@hq.doe.gov*.

**SUPPLEMENTARY INFORMATION:**

**I.      Background**

Pursuant to the Energy Policy and Conservation Act (42 U.S.C. 6291 *et seq.*), DOE must periodically review its energy conservation standards for covered consumer products and certain industrial equipment, including VRF multi-split systems (*see specifically* 42 U.S.C. 6313(a)(6)(A)-(C)). DOE initiated a review of its existing standards for VRF multi-split systems through a notice of data availability and request for information ("NODA/RFI") published in the

*Federal Register* on July 8, 2019 ("2019 VRF NODA/RFI"). 84 FR 32328. The 2022 VRF NOPR was issued (signed) on February 9, 2022, *see* 87 FR 11335, 11354 (noting the document's signature date), after which DOE forwarded it to the Office of the *Federal Register* on February 10, 2022, for publication, and then the Office of the *Federal Register* placed it for public inspection on February 28, 2022, before ultimately publishing it in the *Federal Register* on March 1, 2022. 87 FR 11335.

In the 2022 VRF NOPR, DOE explained that because it lacks clear and convincing evidence to support adoption of standard levels more stringent than those contained in the American Society of Heating, Refrigerating, and Air-Conditioning Engineers ("ASHRAE") Standard 90.1,[1] the Department is proposing to adopt the ASHRAE levels, as required by statute. DOE concluded that it did not need to prepare an emissions analysis or monetization of emissions for this rulemaking in order to support the adoption of the ASHRAE levels.

In this NOPR, DOE also responded to a number of public comments submitted on the 2019 VRF NODA/RFI. One such comment was submitted by the Institute for Policy Integrity at New York University ("NYU") School of Law (hereafter "Policy Integrity"), in which it commented that DOE should monetize the full benefits of emissions reductions and use the global estimate of the social cost of greenhouse gases ("GHG"). In responding to that comment, in the 2022 VRF NOPR, DOE noted generally DOE's practice to that point had been to use the social cost of greenhouse gases from the most recent update of the United States Government's Interagency Working Group ("IWG") on Social Cost of Greenhouse Gases, which recommends

---

[1] ASHRAE Standard 90.1 is titled "Energy Standards for Buildings Except Low-Rise Residential Buildings."

3

global values be used for regulatory analysis, when DOE analyzes efficiency levels (*i.e.*, referencing its then-current practice). DOE continued its response by stating: "Because DOE is not conducting an economic analysis of levels more stringent than the ASHRAE Standard 90.1 levels in this notice, there is no corresponding consideration of emission reductions or the associated monetary benefits. As DOE is required by EPCA to adopt the levels set forth in ASHRAE Standard 90.1, DOE did not conduct an economic analysis or corresponding emissions analysis for the levels in ASHRAE Standard 90.1-2019." 87 FR 11335, 11348.

The purpose of DOE's discussion of the IWG was simply to explain in the context of responding to Policy Integrity's comment how, at the time of the signing of the 2022 VFR NOPR (namely, on February 9, 2022), DOE routinely analyzed emissions reductions in those circumstances where DOE was analyzing efficiency levels more stringent than those contained in ASHRAE Standard 90.1. But, as noted, DOE's 2022 VRF NOPR simply made clear DOE's position that because the Department is proposing to adopt the standard levels in ASHRAE Standard 90.1, no emissions analysis or related monetization of emissions was being performed for this proposed rulemaking. Consequently, Policy Integrity's comment recommending how to appropriately monetize GHG emissions had no direct application or other effect in this proposed rulemaking.

The previous excerpt from the 2022 VRF NOPR was an accurate statement at the time the document was signed. After that document was signed and transmitted to the *Federal Register*, but before publication in the *Federal Register*, however, the U.S. District Court for the Western District of Louisiana in *Louisiana v. Biden,* No. 21-cv-1074-JDC-KK (Feb. 11, 2022)

4

issued a preliminary injunction enjoining Federal agencies from utilizing the social cost of greenhouse gases values developed by the IWG for monetization of emissions impacts. Since that preliminary injunction was issued, out of an abundance of caution, DOE has ceased using greenhouse gas emissions monetization across its rulemakings. To avoid confusion, DOE concludes that clarification of the 2022 VRF NOPR comment response may therefore be necessary.

As stated in the 2022 VRF NOPR, DOE has not conducted any monetization of emission reduction in this rulemaking. Should circumstances arise in this or other rulemaking records where DOE would need to analyze standards more stringent than the levels in ASHRAE Standard 90.1, DOE acknowledges that any such analysis necessarily would comply with the prohibitions of the injunction issued in *Louisiana v. Biden* as long as that injunction remains in effect.

Accordingly, DOE clarifies its comment response in the 2022 VRF NOPR by noting that DOE is adhering to the prohibitions in the preliminary injunction issued on February 11, 2022, in *Louisiana v. Biden*, and reiterates that DOE did not monetize the benefits of reducing greenhouse gas emissions as part of the 2022 VRF NOPR. This clarification does not affect any of the proposed energy conservation standards, related analyses, and tentative conclusions contained in the 2022 VRF NOPR.

**II. Need for Clarification**

As published, a response to a comment in the 2022 VRF NOPR may result in ambiguity or confusion as to DOE's compliance with the preliminary injunction issued on February 11, 2022, in *Louisiana v. Biden*. Because this document simply clarifies the response to a public comment without making any substantive changes to the proposed energy conservation standards or related analyses, DOE finds that there is good cause under 5 U.S.C. 553(b)(B) to not issue prior notice to solicit public comment on the changes contained in this document. Issuing a separate document to solicit public comment would be unnecessary and contrary to the public interest.

### III. Procedural Issues and Regulatory Review

DOE has concluded that the determinations made pursuant to the various procedural requirements applicable to the 2022 VRF NOPR remain unchanged for this proposed rule technical clarification. These determinations are set forth in the 2022 VRF NOPR. 87 FR 11335, 11349-11352.

**Signing Authority**

This document of the Department of Energy was signed on March 9, 2022, by Kelly J. Speakes-Backman, Principal Deputy Assistant Secretary for Energy Efficiency and Renewable Energy, pursuant to delegated authority from the Secretary of Energy. That document with the original signature and date is maintained by DOE. For administrative purposes only, and in compliance with requirements of the Office of the Federal Register, the undersigned DOE Federal Register Liaison Officer has been authorized to sign and submit the document in electronic format for publication, as an official document of the Department of Energy. This

6

administrative process in no way alters the legal effect of this document upon publication in the *Federal Register*.

Signed in Washington, DC, on March 9, 2022.

X **Kelly Speakes-Backman**  Digitally signed by Kelly Speakes-Backman
Date: 2022.03.09 09:20:20 -05'00'

Kelly J. Speakes-Backman

Principal Deputy Assistant Secretary

Energy Efficiency and Renewable Energy

7